PRESIDENT, DIRECTORS AND COMPANY OF THE MALDEN BANK *vs.* JAMES W. BALDWIN.

A presentment for payment at any bank in Boston, of a note payable " at bank in Boston, or " at either bank in Boston," is a sufficient demand upon the maker to charge the indorser.

ACTION OF CONTRACT on a promissory note made by a resident of Vermont, and payable " at bank in Boston " to the order of the defendant, and by him indorsed.

At the trial in the superior court of Suffolk, the only demand of payment upon the makers that was proved was, that the note was presented for payment by a notary public on the day of its maturity at the Suffolk Bank in Boston ; and the notary was answered " no funds" at said bank ; whereupon he protested the same, and notified the defendant as indorser.

The defendant contended that this did not in law amount to a sufficient demand upon the makers of the note, to render the defendant liable as indorser.

But *Abbott*, J. ruled " that such demand was sufficient in law, that the holder of a note like this might elect to present it for payment at any bank in Boston, unless the maker had given notice at which bank he desired it presented ; and that a presentment at such bank was a good presentment, for the purpose of charging the indorser, whether the maker of said note had notice at what bank said note would be presented or not."

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions, which were argued at March term 1859 in Suffolk.

*F. A. Brooks*, for the defendant.

*J. D. Ball*, for the plaintiffs.

BIGELOW, J. We think it very clear that the stipulation in the note declared on, making it payable " at bank in Boston," which is the same in effect as if it had been payable at any bank in Boston, was not inserted for the benefit of the maker. His liability was fixed and absolute, whether the note was

presented for payment or not. *Carter* v. *Smith,* 9 Cush. 321. The object of the stipulation therefore was to accommodate the payee or holder by giving to him the right to elect the place at which the note should be presented in order to charge the other parties liable thereon. *North Bank* v. *Abbot,* 13 Pick. 465. But it cannot be reasonably supposed that it was thereby intended to impose any other or greater duty on the holder in making due presentment, than if the note had been made payable generally in any town or city, without designating the banks therein as the place of payment. If, for example, the note in this case had been payable in Boston only, the maker having no place of business or domicil there, it would have been sufficient, in order to charge the indorser, if it appeared that the note was in Boston on the day of its maturity, so that the promisor could have there found it, if he was ready to make payment. Story on Notes, § 231. *Mason* v. *Franklin,* 3 Johns. 206. *Boot* v. *Franklin,* 3 Johns. 208. So if· it had been made payable in two places, as, for instance, in Boston or Cambridge, the holder would have had the right to present it at either place at his election, and would not be bound to present it at both in order to charge the indorser. Bayley on Bills, 232. Story on Notes, § 231. *Beeching* v. *Gower,* Holt N. P. 313. In like manner, if it had been payable in any particular street or square of a city, a presentment there would have been sufficient, and the note would have been dishonored, if not paid by the maker. But in none of those cases would it have been necessary for the holder to give notice to the maker at what particular place in the city, street or square the note would be presented for payment at its maturity.

    Indeed, in many cases, if such notice were necessary, a note made payable at any bank in a city would be a more onerous contract to the holder than if no place for payment had been designated, because it might often be more troublesome to prove a previous notice to the maker than an actual presentment to him on the day of payment. To require such notice would defeat the purpose of the stipulation, and by imposing a new duty on the holder of such notes would tend to check instead of pro·

moting the facility of their negotiation. The maker's promise is to pay at any one of the places designated, at which the holder may elect to present his note, and the duty is imposed on him to look at all these places for it, or provide funds to pay it at all of them when it is due. If he fails to do so, the note is dishonored. Such has been the construction put on notes of similar tenor in *Page* v. *Webster*, 15 Maine, 249; *Langley* v. *Palmer*, 30 Maine, 467; and *Jackson* v. *Packer*, 13 Conn. 342.

We are aware that in *North Bank* v. *Abbot* and *Carter* v. *Smith*, above cited, a different doctrine was intimated; but the observations of the court on this point were only *obiter dicta.* As applied to contracts generally other than negotiable notes, drafts and bills of exchange, they may be perfectly sound. But these last constitute an exception to any such rule, on account of the necessity which exists for securing their free and unrestrained circulation; and we are satisfied that it would tend to clog the facility of their negotiation, and violate the well settled practice of the mercantile community, to require that the holder should give to the maker notice of the place where he intended to present his note for payment at its maturity.

*Exceptions overruled.*[*]

---

[*] A similar decision was made in Hampden at September term 1859 in

HAMPDEN FIRE INSURANCE COMPANY *vs.* SIDNEY G. DAVIS,

which was an action by indorsee against indorser of a promissory note payable " at either bank in Boston," and indorsed by the plaintiffs before maturity to the Chicopee Bank in Springfield, and by their cashier to the cashier of the Suffolk Bank in Boston. When the note fell due, it was, by request of the cashier of the Suffolk Bank, presented by a notary for payment at that bank, and duly protested for nonpayment. The maker of the note and the defendant both had their places of business in Boston; but neither of them had notice, before the maturity of the note, at what bank in Boston it would be presented for payment. The case was submitted upon a statement of facts, of which the above is the substance, to the decision of the court, who gave     *Judgment for the plaintiffs.*

R. A. *Chapman*, for the plaintiffs.
A. L. *Soule*, for the defendant.